UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

v.

DECISION AND ORDER
05-CR-54A

YARO BARNES,

           Defendant.

---

## INTRODUCTION

The defendant, Yaro Barnes, is charged in a one-count indictment with violating 18 U.S.C. § 922(g)(1) and § 924(a)(2), that is, being a prior felon in possession of a firearm and ammunition. The matter was referred to Magistrate Judge Leslie G. Foschio for pretrial proceedings pursuant to 28 U.S.C. § 636(b)(1).

On May 31, 2005, the defendant filed a motion to suppress evidence seized from his residence during a search conducted pursuant to a warrant issued by Buffalo City Court Judge Debra Givens. On June 23, 2005, the government filed a response in opposition to the motion to suppress. Pursuant to Magistrate Judge Foschio's request, the defendant filed a supplemental memorandum on July 7, 2005, and the government filed a supplemental response on July 15, 2005. On August 10, 2005, Magistrate

Judge Foschio issued a report and recommendation ("Report and Recommendation") recommending that the motion to suppress be denied in all respects.

On September 6, 2005, the defendant filed objections to the Magistrate Judge's Report and Recommendation. On September 21, 2005, the government filed a response. Oral argument was held on October 5, 2005.

## DISCUSSION

Pursuant to 28 U.S.C. § 636(b)(1), this Court must make a de novo determination of those portions of the Report and Recommendation to which objections have been made. Upon a de novo review, and after reviewing the submissions and hearing argument from the parties, the Court adopts Magistrate Judge Foschio's Report and Recommendation.

The defendant seeks to suppress a firearm and ammunition that was found in a milk box located in a common hallway of a duplex apartment building where the defendant resided. The duplex consisted of two apartments, an upper level apartment occupied by the defendant and his girlfriend, and a lower level apartment occupied by the defendant's uncle. Occupants of the two apartments shared a common hallway, where the gun was found. See Court Exh. 1, attached hereto (illustration of the layout of the common hallway where the gun was found).

2

The defendant objects to Magistrate Judge Foschio's conclusion that he had no expectation of privacy in the common hallway of the duplex apartment building.[1] The defendant also argues that "there is a higher expectation of privacy in a duplex." See Defendant's Objections, at 4.

The Court rejects that argument. The law in this Circuit is clear that individual tenants of multi-family dwellings do not have a legitimate expectation of privacy in the common areas, even if those areas are guarded by locked doors. See United States v. Barrios-Moriera, 872 F.2d 12, 15 (2d Cir. 1989), reversed on other grounds by Horton v. California, 496 U.S. 128 (1990); United States v. Holland, 755 F.2d 253, 255 (2d Cir.), cert. denied, 471 U.S. 1125 (1985).

The Court also rejects the defendant's assertion that there exists a "heightened expectation of privacy" in the common hallway of a duplex apartment, as opposed to a large, multi-family apartment building. In Holland, the Second Circuit rejected a similar argument with respect to duplex apartment house, stating that:

> we never have held that the common areas must be accessible to the public at large nor have we required a quantified amount of daily traffic through the area as a

---

[1] The Magistrate Judge also found that, to the extent that the milk box could only be opened from inside the lower apartment, the defendant lacks standing to contest the search. Defendant concedes that point. See Defendant's Objections, at 3. However, the defendant argues that the milk box could be opened from the common hallway and that he had an expectation of privacy in that common area.

3

> basis for determining that a common area is beyond an individual's protected zone of privacy.

Holland, 755 F.2d at 255. The Court reasoned that such a bright-line rule

> gives tenants the benefit of much-needed police protection in common hallways . . . while it preserves for them the privacy of their actual places of abode, their apartments. It also lays down a clearly-defined boundary line for constitutionally permissible police action, which is readily apparent to an officer in the field, without a need for counting apartments, analyzing common-hallway traffic patterns or interpreting the mental processes of a suspect relating to an area used in common with others.

Id. (internal citations omitted). See also United States v. McCaster, 193 F.3d 930 (8th Cir. 1999) (holding that the defendant did not have a legitimate expectation of privacy in the hall closet located within the common area of the duplex in which he resided); United States v. Shaw, 269 F. Supp. 2d 90 (E.D.N.Y. 2003) (holding that defendant lacked expectation of privacy in the laundry room adjacent to his basement apartment where laundry room was a common area shared by the defendant with his mother and grandfather).

## **CONCLUSION**

Accordingly, for the reasons set forth herein and in Magistrate Judge Foschio's Report and Recommendation, the defendant's motion to suppress evidence is denied.

4

IT IS SO ORDERED.

/s/ Richard J. Arcara
HONORABLE RICHARD J. ARCARA
CHIEF JUDGE
UNITED STATES DISTRICT COURT

DATED: October 31    , 2005

